1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIREYA VALDOVINOS, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>DELTA AIR LINES, INC., a Delaware Corporation and DOES 1-20, inclusive,<br><br>  Defendants. | Case No.<br><br>**NOTICE OF REMOVAL**<br>(Formerly Case No. 25-2-27248-6-KNT in the Superior Court of Washington for King County)<br><br>28 U.S.C. §§ 1332, 1441, 1446, and 1453 |

**TO:**      **THE CLERK OF COURT FOR THE UNITED STATES DISTRICT**

          **COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

**AND TO:**      **ALL PARTIES AND COUNSEL OF RECORD**

    **PLEASE TAKE NOTICE THAT** Delta Air Lines, Inc. ("Delta"), by and through its

counsel, hereby removes the above-entitled action from the Superior Court of the State of

Washington in and for King County to the United States District Court for the Western District of

Washington, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, because (1) minimal diversity

exists under the Class Action Fairness Act, there are more than 100 members in the putative class,

and the amount in controversy exceeds $5 million; and (2) after disregarding any unnamed

NOTICE OF REMOVAL - 1

1  ficticious defendant, complete diversity of jurisdiction exists between the parties, and the amount
2  in controversy exceeds $75,000 per individual plaintiff, exclusive of interest and costs.

3      Delta denies the allegations and relief sought, and files this Notice without waiving any
4  defenses, exceptions, or obligation that may exist in its favor. Delta will provide additional
5  evidence to support the allegations of this pleading as required in the event a challenge is raised to
6  the Court's jurisdiction.

7  ## I.    <u>PROCEDURAL BACKGROUND</u>

8      1.    On September 18, 2025, Plaintiff Mireya Valdovinos filed a complaint in King
9  County Superior Court, individually and on behalf of the members of a Class ("Complaint").

10      2.    Plaintiff Valdovinos served Delta with the Summons and Complaint on September
11  19, 2025. A true and correct copy of the Summons and Complaint is attached as **Exhibit A**.

12      3.    In the Complaint, Plaintiff asserts claims on behalf of the following putative class
13  (the "Class"):

14  
15      All current and former non-exempt hourly-paid employees that worked for
Defendant at any location in Washington State in the position(s) of airport
16  customer service representative, Red Coat supervisor, ticket agent, gate
agent, baggage handler, ramp agent, customer assistance representative,
17  other "above-ground" positions and/or other positions with substantially
similar job duties at any time from three years prior to the filing of the
18  Complaint through the date of the Court's order certifying the Class ("Class
Period").

19  Compl. ¶ 12.

20      4.    On behalf of themselves and the putative Class, Plaintiff seeks compensatory and
21  exemplary damages, attorneys' fees and costs, and pre-judgment interest from Delta for: (1) failure
22  to provide statutorily compliant meal periods ; (2) failure to provide statutorily compliant rest
23  periods ; (3) failure to pay all wages owed; (4) failure to pay overtime wages; (5) willful refusal to
24  pay wages; and (6) record keeping violations. *Id.* ¶¶ 76-110, Prayer for Relief ¶¶ C-D, F-G. The
25  Complaint also seeks declaratory relief related to a claim for exemplary damages and injunctive
26  relief related to the record keeping claim. *Id.* at Prayer for Relief ¶¶ B, E.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

1

## II.    REMOVAL IS TIMELY

2   5.    Plaintiff served the registered agent for Delta with the Summons and Complaint

3   on September 19, 2025, and thirty days from that date of service is October 19, 2025.[1] Fed. R.

4   Civ. P. 6(a)(1). Because this Notice is filed within thirty days from service, it is timely under 28

5   U.S.C. §§ 1446(b) and 1453, assuming *arguendo* that the 30-day deadline even applies in the

6   context of this Complaint.[2] *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344,

7   354 (1999).  Prior to filing the Notice of Removal, no previous Notice of Removal had been filed

8   or made with this Court for the relief sought herein.

9

## III.    VENUE

10   6.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because

11   the United States District Court for the Western District of Washington embraces the place where

12   this action is pending, King County Superior Court.

13

## IV.    ORIGINAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

14   7.    This lawsuit is a putative class action.[3] Removal based on the Class Action Fairness

15   Act ("CAFA") is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because (1) minimal

16   diversity of citizenship exists between the Plaintiff and Delta; (2) there are more than 100 members

17   in the putative Class; and (3) the Complaint places in controversy more than $5 million, exclusive

18   of interest and costs. 28 U.S.C. §§ 1332(d)(2), (d)(5)(b), 1453. Delta denies Plaintiff's factual

19   allegations and denies that Plaintiff—and the putative Class she purports to represent—are entitled

20   to the relief requested in the Complaint. However, based on Plaintiff's allegations in the

21   Complaint, as well as Delta's investigation into Plaintiff's class action allegations, all requirements

22   for jurisdiction under CAFA are met in this case.

23

24   [1] Because the due date falls on a Sunday, this Notice is technically due on Monday, October 20, 2025. LCR 6(a). Since the Notice is filed prior to this date, Notice is timely.

25   [2] Notably, the 30-day deadline would not apply in the first instance insofar as the Complaint does not give adequate notice of removability.

26   [3] Delta denies and reserves the right to contest Plaintiff's contention that this action can properly be certified as a class action.

NOTICE OF REMOVAL - 3

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

**A.    Minimal Diversity of Citizenship Exists.**

8.    For diversity jurisdiction under CAFA, a party seeking removal need only plausibly plead that minimal diversity exists. That is, that one putative Class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2); *see also United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

9.    The citizenship of fictitious "Doe" defendants is disregarded for removal purposes. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *see also Soliman v. Philip Morris*, Inc., 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant."); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (holding that for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded).

10.    Minimal diversity exists under 28 U.S.C. § 1332(d)(2) because Plaintiff and Delta are citizens of different states.

**1.    Plaintiff Is a Citizen of Washington.**

11.    "An individual is a citizen of the state in which he is domiciled." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Domicile is determined by "an individual's 1) residence in a state, and 2) [] intent to remain indefinitely." *Boon*, 229 F. Supp. 2d at 1019. Continuing residence creates a presumption of

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 395 (3d Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).

12.    In the Complaint, Plaintiff alleges she is "an individual domiciled in the State of Washington and a citizen of the State of Washington." Compl. ¶ 7. Accordingly, on information and belief and based on Plaintiff's own allegations, Plaintiff is and was at the time of filing of the Complaint a citizen of Washington for diversity jurisdiction purposes.  *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("A party's allegation of minimal diversity may be based on 'information and belief.'").

### 2.    Delta Is a Citizen of Delaware and Georgia.

13.    A corporation is deemed to be a citizen of any state in which it has been incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). The "principal place of business" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . [I]n practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Hertz Corp. v. Friend*, 559 U.S. 77, 92– 93 (2010).

14.    Delta is organized under the laws of the State of Delaware.  Currently and prior to and since the commencement of this action, Delta's principal place of business and corporate headquarters is and have been in Atlanta, Georgia.  The majority of Delta's executive functions take place in Atlanta, Georgia.  The greater part of Delta's administrative functions (including payroll, legal, and human resources) are in Atlanta, Georgia.  Delta's officers direct, control, and coordinate the corporation's activities in Atlanta, Georgia.  Delta is therefore a citizen of Delaware and Georgia for purposes of removal. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp.*, 559 U.S. at 92-93.

15.    Delta is not and, since the commencement of this action, has not been incorporated in Washington and has not had its headquarters or executive offices based in Washington.

NOTICE OF REMOVAL - 5

16.    As Plaintiff and Delta are citizens of different states, minimal diversity is satisfied. In fact, although not required for CAFA, complete diversity is also satisfied.

**B.    The Putative Class Has More Than 100 Members.**

17.    CAFA's requirement that the proposed class membership be no less than 100 members is satisfied here because the putative Class has more than 100 members. *See* 28 U.S.C. § 1332(d)(5).

18.    Plaintiff defines the putative Class to include all current and former Delta employees who worked in specified non-exempt positions in Washington through the date of class certification. Compl. ¶ 12. Further, Plaintiff concedes that "there are estimated to be at least one hundred (100) current and former hourly paid employees of Defendants in the Class." *Id.* ¶ 14. Delta reserves the right to oppose class certification and to dispute Plaintiff's class definition. Nevertheless, based on Plaintiff's class definition, the putative Class as pled includes more than 2,000 current and former Delta employees. Thus, the putative Class contains more than 100 members.

**C.    The $5,000,000 Amount in Controversy Requirement Is Satisfied.[4]**

19.    Pursuant to CAFA, the claims of the individual putative class members are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6).  When a plaintiff does not expressly plead a specific amount of damages, a removing party need only show that it is more likely than not that the amount in controversy exceeds $5 million.  *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

---

[4] This Notice of Removal addresses the nature and amount of damages that the Complaint places in controversy. Delta refers to specific damages estimates and cites to comparable cases solely to establish that the amount in controversy exceeds the jurisdictional minimum.  Delta maintains that each of Plaintiff's claims lack merit and that Delta is not liable to Plaintiff or any putative Class member in any amount whatsoever.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Delta's] liability."  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  In addition, Delta denies that this case is suitable for class treatment.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

20.    A removing defendant "must file in the *federal* forum a notice of removal 'containing a short and plain statement of the grounds for removal.'"  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)).  The short and plain statement "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.  It is beyond dispute that "a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (internal citations omitted); *see also Dart Cherokee*, 574 U.S. at 84 (holding that a "statement 'short and plain' need not contain evidentiary submissions"); *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (reversing district court's order remanding the action to state court due to an "inappropriate demand of certitude from [the defendant] over its assumptions used in calculating the amount in controversy" for purposes of CAFA removal).

21.    The ultimate inquiry is what amount the complaint places "in controversy," not what a defendant may actually owe in damages.  *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citation omitted) (explaining that courts are directed "to first look to the complaint in determining the amount in controversy"); *see also Jauregui*, 28 F.4th at 993 ("At that stage of the litigation, the defendant is being asked to use the plaintiff's complaint-much of which it presumably disagrees with-to estimate an amount in controversy.  This is also at a stage of the litigation before any of the disputes over key facts have been resolved.").  The burden to establish the jurisdictional amount under CAFA "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state and prove the plaintiff's claims for damages.'"  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *see also LaCross*, 775 F.3d at 1203 (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in alleging the amount in

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

controversy, defendants "are not stipulating to damages suffered, but only estimating the damages in controversy.").

22. The allegations in the removing defendant's notice of removal "may rely on 'a chain of reasoning that includes assumptions' and 'an assumption may be reasonable if it is founded on the allegations of the complaint.'" *Marano v. Liberty Mut. Grp., Inc.*, 2021 WL 129930, at *2 (C.D. Cal. Jan. 14, 2021) (quoting *Arias*, 936 F.3d at 925 (9th Cir. 2019)). Moreover, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5 million either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief or declaratory relief)." Senate Judiciary Report, S. REP. 109-14, at 42. As the United States Supreme Court has advised, "no antiremoval presumption attends cases invoking CAFA" because Congress intended to "facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 574 U.S. at 87.

23. In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc*., 471 F. App'x. 646, 648 (9th Cir. March 8, 2012). When the complaint is "lacking in factual detail," a defendant seeking removal is particularly "justified in employing reasonable estimates" to establish the amount in controversy. *Ritenour v. Carrington Mortg. Servs., LLC*, 228 F. Supp. 3d 1025, 1029 (C.D. Cal. 2017); *see also Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007) (denying remand where defendant applied reasonable assumptions to complaint that had no fact-specific allegations because a plaintiff seeking to avoid removal "could have alleged facts specific to her claims which would narrow the scope of the putative class or damages sought").

24. Although Delta denies Plaintiff's factual allegations and denies that she—or the putative Class she seeks to represent—is entitled to the relief for which Plaintiff has prayed, Plaintiff's allegations and prayer for relief have more likely than not put into controversy an

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

amount that exceeds the $5 million threshold when aggregating the claims of the putative Class members as set forth in 28 U.S.C. § 1332(d)(6).

**1.    Plaintiff's First, Third, and Fourth Causes of Action for Failure to Pay Wages Owed Put At Least $5,759,014 in Controversy.**

25.    Plaintiff's First Cause of Action alleges that Delta failed to compensate putative Class members for required meal and rest breaks that were missed, interrupted, worked through, or otherwise not statutorily compliant. Compl. ¶¶ 77-88. Plaintiff's Third Cause of Action alleges that Delta failed to compensate putative Class members for all wages owed, based in part on the same meal and rest break allegations stated in the First Cause of Action, but also by (1) allowing class members to perform work off-the-clock, (2) requiring class members to use their personal cell phones for work purposes without reimbursement, and (3) requiring class members to purchase uniforms and work shoes without reimbursement. *Id.* ¶¶ 94-101. Plaintiff's Fourth Cause of Action generally asserts that putative Class members were not paid overtime for working more than forty hours in a workweek, but these claims also appear to be based on the unpaid work hours alleged in the First and Third Causes of Action. *Id.* ¶¶ 102-108.

i.    Plaintiff's meal period claims put at least $1,329,412 in controversy.

26.    Plaintiff seeks to recover unpaid wages based on the allegations that putative Class members did not receive compliant meal periods.

27.    Under WAC 296-126-092, "[e]mployees shall be allowed a meal period of at least thirty minutes which commences no less than two hours nor more than five hours from the beginning of the shift." WAC 296-126-092 (1). Further, "[n]o employee shall be required to work more than five consecutive hours without a meal period." *See id.* at (2).

28.    Plaintiff appears to seek damages in the form of payment for the alleged non-compliant 30-minute period. *See Androckitis v. Virginia Mason Med. Ctr.*, 32 Wn. App. 2d 418, 429 (2024), *review denied*, 4 Wn. 3d 1007 (2025) (concluding "the trial court's determination to measure the remedy for the deprivation of [a compliant meal break] as being worth 30 minutes of

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

wages is an appropriate measure of damages for such a deprivation"); *Pellino v. Brink's Inc.*, 164 Wn. App. 668, 690 (2011); *see also* Administrative Policy ES.C.6, § 7, at 3–4 ("Meal periods are considered hours of work when the employer requires employees to remain on duty on the premises or at a prescribed work site and requires the employee to act in the interest of the employer . . . . As long as the employer pays the employees during a meal period in this circumstance and otherwise complies with the provisions of WAC 296–126–092, there is no violation of this law, and payment of an extra 30-minute meal break is not required.").

29.    Based on Delta's records, there are at least 2,000 potential Class members, they have worked at least 177,255 workweeks during the relevant period, and the lowest pay rate paid to any potential Class member during the Class Period is $15 per hour.

30.    Delta's conservative calculation of the amount in controversy for the alleged meal period violations is $1,329,412.50 [177,255 workweeks x ($15 hourly rate x 30 minutes)]. This computation is based on the assumption of an alleged violation rate of one (1) missed meal period per workweek, which would result in Plaintiff seeking payment for the 30-minute meal period. One violation per workweek is generally accepted as a reasonable and conservative assumption when calculating the amount in controversy for CAFA purposes where, as here, a plaintiff alleges a policy and practice of failing to provide meal periods. *See* Compl. ¶ 87 ("Defendants had no policy or practice to schedule meal or rest periods or to allow Plaintiff and Class Members to record their missed and/or otherwise noncompliant meal and rest periods. Defendants also had no policy or practice of compensating Plaintiff and Class Members for missed and/or otherwise noncompliant meal and/or rest periods or for the deprivation of the right to a missed and/or otherwise noncompliant meal and/or rest period."); *see also Chavez v. Pratt (Robert Mann Packaging), LLC*, 2019 WL 1501576, at *3 (N.D. Cal. Apr. 5, 2019) (finding that an assumed 20% alleged violation rate for meal and rest period was reasonable where the plaintiff alleged a "pattern or practice" of violations); *Danielsson v. Blood Centers of Pac.*, No. 19-CV-04592-JCS, 2019 WL 7290476, at *6 (N.D. Cal. Dec. 30, 2019) ("Defendant's first assumption—a 20% violation rate

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

for meal and rest breaks during the putative class period—is reasonable given the allegations of a 'pattern and practice' of such violations.").

ii.    Plaintiff's rest period claims put at least $441,364 in controversy.

31.    Plaintiff seeks to recover unpaid wages based on the allegations that putative Class members did not receive compliant rest periods.

32.    Under applicable circumstances, Washington regulations state that employees should "be given a paid 10-minute rest break for every four hours worked. WAC 296-126-092(4). And no employee shall be required to work more than three hours without a rest break." *Carlson v. Home Depot USA Inc.*, 2021 WL 4636858, at \*4 (W.D. Wash. Oct. 7, 2021).

33.    Plaintiff appears to seek damages in the form of payment for the alleged non-compliant 10-minute period. *See Wingert v. Yellow Freight Sys., Inc.*, 146 Wn. 2d 841, 849 (2002) ("When the employees are not provided with the mandated rest period, their workday is extended by 10 minutes. . . . [and] the employees are entitled to be compensated . . . [for] 10 minutes of work.").

34.    Based on Delta's records, purported Class members worked at least 177,255 workweeks, and the lowest pay rate paid to any potential Class member during the Class Period was $15 per hour.

35.    Delta's conservative calculation of the amount in controversy for Plaintiff's rest period claims is $441,364.95 [177,255 workweeks x ($15 hourly rate x 0.166)]. The computation is based on the assumption of an alleged violation rate of one (1) missed rest period per workweek. *Unutoa v. Interstate Hotels & Resorts, Inc.*, 2015 WL 898512 (C.D. Cal. Mar. 3, 2015). One violation per workweek is generally accepted as a reasonable and conservative assumption when calculating the amount in controversy for CAFA purposes where, as here, a plaintiff has alleged a "policy and practice" of failing to provide rest periods. *See* Compl. ¶ 87; *Chavez*, 2019 WL 1501576, at \*3; *Danielsson*, 2019 WL 7290476, at \*6.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

1

     iii. <u>Plaintiff's off-the-clock work and unpaid overtime claims put at</u>
       <u>least $3,988,237 in controversy.</u>

2    36.  Plaintiff seeks damages in the form of overtime premium pay for at least some of

3 the allegedly unpaid missed meal and rest break hours, as well as any alleged off-the-clock work

4 time. *See* Compl. ¶¶ 106-107. Plaintiff alleges that common questions of fact for the purported

5 class include: "Whether Defendants have an official or unofficial policy, custom, pattern, and

6 practice of understaffing its locations and permitting or requiring Plaintiff and Class Members to

7 work through meal and/or rest periods, have interrupted meal and/or rest periods, or have untimely

8 meal and/or rest periods;" and "Whether Defendants [] fail[ed] to pay Plaintiff and Class Members

9 for overtime wages due at the rate of 1.5 times their regular rate of pay for all hours worked over

10 40 hours per week, inclusive of hours worked when working through their meal and/or rest breaks

11 and/or for the meal and/or rest periods that were not provided or interrupted."

12    37.  Based on Delta's records, purported class members worked at least 177,255

13 workweeks, and the lowest pay rate paid to any potential Class member during the Class  Period

14 was $15 per hour.

15    38.  Delta's conservative calculation of the amount in controversy for Plaintiff's unpaid

16 overtime claim is $3,988,237.50 [177,255 workweeks x ($15 hourly rate x 1.5 overtime

17 premium)], which is based on the assumption of one hour of allegedly unpaid off-the-clock work

18 at the required overtime premium hourly rate of pay. *See Vasquez v. Randstad US, L.P.*, 2018 WL

19 327451, at *4 (N.D. Cal. Jan. 9, 2018) (finding defendants' assumption of 2.5 hours per employee

20 per week was reasonable for Minimum Wage claim damages calculation where plaintiff alleged

21 that defendant had a "policy and practice" of requiring off-the-clock work). Additionally, Delta is

22 conservatively assuming that only the alleged off-the-clock work caused putative Class members

23 to allegedly exceed forty hours per workweek, despite the Complaint asserting that some of the

24 allegedly unpaid meal and rest breaks also contributed to their unpaid overtime claims, which

25 would increase the amount-in-controversy even more.

26

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

1

### 2. Plaintiff's Second Cause of Action for Willful Refusal to Pay Wages Puts Another $5,759,014 in Controversy.

2      39.     Plaintiff seeks double damages under Washington's Wage Rebate Act (RCW

3  49.52.50). Compl. ¶¶ 89-93. Delta denies that any purported Class member is entitled to double

4  damages on any or all claims. Nevertheless, the amount placed in controversy by Plaintiff's request

5  for double damages effectively doubles, as alleged, the total amount of wages placed in

6  controversy by Plaintiff's other wage claims.

7      40.     In total, Plaintiff's wage related causes of actions place at least $5,759,014.95 in

8  controversy, times two, not counting potential attorney's fees.

9
### 3. Plaintiff's Claim for Attorneys' Fees Places At Least $375,000 in Controversy.

10

11     41.     Courts have held that an award of attorneys' fees, if such fees are authorized under

12 applicable law, should be considered for purposes of calculating the amount in controversy. *See*

13 *McGraw v. GEICO Gen. Ins. Co.*, No. C16-5876, 2017 WL 1386085, at *3 (W.D. Wash. Apr. 18,

14 2017) (concluding "that, whether the [attorneys'] fees are authorized by contract, statute, or case

15 law, they may be included in the amount in controversy"); *Galt G/S v. JSS Scandinavia*, 142 F.3d

16 1150, 1155–56 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of

17 attorneys' fees, either with mandatory or discretionary language, such fees may be included in the

18 amount in controversy."); *see also Kido as trustee for Kido v. Transamerica Life Ins. Co.*, No. C19-

19 1858, 2020 WL 428978, at *3 (W.D. Wash. Jan. 28, 2020) (calculating attorneys' fees for inclusion

20 in the amount in controversy); *Skau v. JBS Carriers, Inc.*, No. C18-681, 2018 WL 6804315, at *2

21 (W.D. Wash. Dec. 27, 2018) (concluding "it is more likely than not that the attorneys' fees that may

22 be awarded in this case would exceed the remaining amount required to meet the amount in

23 controversy requirement").

24     42.     Here, Plaintiff seeks attorney's fees under RCW 49.62.080, and fees may therefore

25 be considered for purposes of calculating the amount in controversy.

26

NOTICE OF REMOVAL - 13

43.    When estimating attorneys' fees for purposes of removal, the estimated amount is not limited to the fees incurred as of the time of removal, but include those future attorneys' fees that would reasonably accrue through the time the action is resolved. *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

44.    The reasonable estimate of attorneys' fees likely to be incurred through resolution of a case may be based upon fee awards in similar cases, plaintiff's counsel's hourly rate, and the number of hours counsel would likely spend on the case. *See Galt G/S*, 142 F.3d at 1155–56; *see also Kido as trustee for Kido*, 2020 WL 428978, at *3 (calculating Plaintiff's estimated attorneys' fees for the purpose of removal using Plaintiff's attorney's hourly rate and a reasonable estimate of the number of hours expected to be spent working on the case). Plaintiffs' attorneys handling employment class actions in the Western District can spend hundreds, if not thousands, of hours working on them through trial. *See, e.g.*, *Ridgeway v. Wal-Mart Stores Inc.*, 269 F. Supp. 3d 975, 1003 (N.D. Cal. 2017) (granting a total of $15,200,002.90 in attorneys' fees based on a total of 10,595.8 hours at rates ranging from $300 to $900 per hours following a 16-day class action trial); *Ibarra v. Wells Fargo Bank, N.A.,* 2018 WL 5276295, at *7 (C.D. Cal. Sept. 28, 2018) (awarded $1,967,253.76 in attorneys' fees to the plaintiffs following summary judgment in their favor where class counsel had spent 1,805.55 hours litigating at rates ranging from $325 to $775); *In re Taco Bell Wage and Hour Actions*, 222 F. Supp. 3d 813, 847 (E.D. Cal. 2016) (awarding $1,156,821.12 in fees following trial based on 4,016.74 hours billed and a blended rate of only $288 per hour).

45.    Here, a reasonable estimate of the number of hours Plaintiff's counsel likely will spend litigating Plaintiff's and the putative Class members' claims through trial, based on Plaintiff's allegations and a comparison of similar cases, is at least 500 hours. Assuming the case is not dismissed on the pleadings, the Parties will need to participate in a Rule 26(f) conference, prepare and file a joint status report, and issue initial disclosures. There will be proceedings related to Plaintiff's attempt to certify the class. Further, Delta anticipates deposing the Plaintiff and anticipates that Plaintiff's counsel will depose multiple witnesses. Delta may file a motion for summary

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

judgment. The Parties may have disputes regarding discovery that will involve briefing and arguing one or more discovery motions. Therefore, 500 hours of attorney time represents a reasonable estimate of the minimum number of attorney hours that can reasonably be anticipated through the resolution of this case.

46.     Plaintiff's counsel's hourly rates are available through reference to publicly available fee requests in other cases.

47.     In separate litigation, Plaintiff's attorneys, Zachary Crosner and Jamie Serb, named in the Complaint have sought hourly rates of $800 and $750, respectively. Mot. Att'y's Fees and Costs; Mem. P. & A., *Gutierrez v. International Paper*, No. 2:22-cv-08460-JFW-RAO, Dkt. No. 64 at 10 (C.D. Cal. June 24, 2024).  Five hundred hours of attorney time at a billing rate of $750 an hour equates with $375,000 in attorneys' fees.

**4.     Plaintiff's Claims Place Far More than $5,000,000 in Controversy**

48.     In sum, based on the foregoing facts and reasonable assumptions, Plaintiff's claims more likely than not place more than $5,000,000 in controversy:

| Remedy Requested | Amount in Controversy |
|---|---|
| Compensatory Damages | $5,759,014.95 |
| Exemplary Double Damages | $5,759,014.95 |
| Plaintiff's attorneys' fees | $375,000 |
| Total | $11,893,029.90 |

49.     Accordingly, although Delta expressly denies Plaintiff's allegations and prayer for relief, denies that Plaintiff is entitled to any relief whatsoever, and reserves the right to challenge the reasonableness of any fees sought, the amount in controversy more likely than not exceeds the jurisdictional threshold set forth in 28 U.S.C. § 1332(d)(2), based on the allegations contained in the Complaint.

**MORGAN, LEWIS & BOCKIUS LLP**
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

### V.    THIS COURT HAS SUBJECT MATTER JURISDICTION BASED ON DIVERSITY

50.    In the alternative, this Court has jurisdiction under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the named parties and the amount in controversy exceeds $75,000 for the named Plaintiff, exclusive of interests and costs.

**A.    Complete Diversity of Citizenship Exists Between the Parties.**

51.    Complete diversity exists under 28 U.S.C. § 1332(a) between Plaintiff and Delta because Plaintiff and Delta are citizens of different states.

**1.    Plaintiff Is a Citizen of Washington.**

52.    As explained above, Plaintiff is a citizen of Washington. *Supra* Section IV.A.1.

**2.    Defendant Delta Air Lines, Inc. Is a Citizen of Delaware and Georgia.**

53.    As explained above, Delta is a citizen of Delaware and Georgia. *Supra* Section IV.A.2.

**3.    Doe Defendants Are Irrelevant for Purposes of Removal.**

54.    Under 28 U.S.C. § 1441(b)(1), the citizenship of a defendant sued under a fictitious name shall be disregarded. *See also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998) (disregarding the citizenship of defendants sued under fictitious names for purposes of removal); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (same). Thus, the inclusion of "Doe" defendants in Plaintiff's Complaint has no effect on Delta's ability to remove.

**4.    Complete Diversity of Citizenship Exists.**

55.    For the reasons set forth above, there is complete diversity of citizenship under 28 U.S.C. §§ 1332(a) and 1441(b) because this is a civil action between citizens of different states.

**B.    The $75,000 Amount in Controversy Requirement Is Satisfied.**

56.    To establish diversity jurisdiction, the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. §1332(a).

57.    A removing defendant's notice of removal must contain only "a short and plain statement of the grounds for removal." *Owens*, 574 U.S. at 83. The "defendant's notice of removal

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 89–90 (quoting H.R. Rep. No. 112–10, p. 16 (2011)).

58.     Where, as here, Plaintiff has not pleaded in the Complaint the amount of damages sought, the Court may consider facts beyond the Complaint to determine whether the lawsuit meets the jurisdictional requirement. *See Abrego Abrego*, 443 F.3d at 690 (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). The burden of showing the amount-in-controversy meets the federal jurisdictional threshold "is not a daunting one. . . . [A] removing defendant is not obligated to completely 'research, state, and prove the plaintiff's claims for damages.'" *54-40 Brewing Co. LLC*, 2021 WL 6124788, at *2 (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008)).

59.     While Delta denies Plaintiff's factual allegations and further denies that Plaintiff is entitled to any relief whatsoever, Plaintiff's allegations have put into controversy an amount "more likely than not" in excess of $75,000, exclusive of interest and costs.

### 1.    Plaintiff's Alleged Compensatory and Exemplary Damages Places At Least $4,678 in Controversy.

60.     Plaintiff seeks damages "in the amount of [her] missed and unpaid meal period and rest period wages, and for unpaid overtime wages for hours worked over 40 hours in a week." Compl. Prayer for Relief, ¶ C. Further, Plaintiff seeks a declaration that Delta's violations were willful, allowing for the award of exemplary double damages pursuant to RCW 49.52.050 and 59.52.070. *Id.* ¶¶ B, D.

61.     While employed with Delta, Plaintiff's rate of pay was at least $15 per hour. She worked at least 72 workweeks in the relevant time period.

62.     Delta's conservative calculation of the amount in controversy for Plaintiff's alleged meal period violations is $540 [72 workweeks x ($15 hourly rate x 30 minutes)]. This computation

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

1  is based on the assumption of an alleged violation rate of one (1) missed meal period per
2  workweek, which would result in payment for the 30-minute meal period.

3       63.    Delta's conservative calculation of the amount in controversy for Plaintiff's rest
4  period claims is $179.28 [72 workweeks x (assumed $15 hourly rate x 0.166)]. The computation
5  is based on the assumption of an alleged violation rate of one (1) missed rest period per workweek.

6       64.    Delta's conservative calculation of the amount in controversy for Plaintiff's unpaid
7  overtime claim is $1,620 [72 workweeks x (assumed $15 hourly rate x 1.5 overtime premium)],
8  which is based on the assumption of one hour of allegedly unpaid off-the-clock work at the
9  required overtime premium hourly rate of pay. Additionally, Delta is conservatively assuming that
10 only the alleged off-the-clock work caused putative Class members to exceed forty-hours per
11 workweek, despite the Complaint asserting that some of the allegedly unpaid meal and rest breaks
12 also contributed to their unpaid overtime claims.

13      65.    Plaintiff seeks double damages under Washington's Wage Rebate Act (RCW
14 49.52.50). Compl. ¶¶ 89-93. Delta denies that Plaintiff is entitled to double damages on any or all
15 claims. Nevertheless, the amount placed in controversy by Plaintiff's request for double damages
16 is equivalent, as alleged, to the total amount of wages placed in controversy by Plaintiff's other
17 wage claims.

18      66.    For Plaintiff alone, excluding the other purported Class members, the total damages
19 in controversy is likely over $4,678.56.  This amount is estimated using similar conservative
20 calculations as above for Plaintiff's alleged wage violations, alleged failure to pay overtime, and
21 alleged willful withholding of wages.

22              **2.    Plaintiff's Claims for Attorneys' Fees Place At Least $75,000 in
23                      Controversy.**

24      67.    As attorneys' fees are authorized under RCW 49.62.080, they may be considered for
25 purposes of calculating the amount in controversy. *See McGraw*, 2017 WL 1386085, at *3
26

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

(concluding "that, whether the [attorneys'] fees are authorized by contract, statute, or case law, they may be included in the amount in controversy"); *see also supra* Section IV.C.2.

68.    The reasonable estimate of attorneys' fees likely to be incurred through resolution of a case may be based upon fee awards in similar cases, plaintiff's counsel's hourly rate, and the number of hours counsel would likely spend on the case. *See Galt G/S*, 142 F.3d at 1155–56; *see also Kido as trustee for Kido*, 2020 WL 428978, at *3 (calculating Plaintiff's estimated attorneys' fees for the purpose of removal using Plaintiff's attorney's hourly rate and a reasonable estimate of the number of hours expected to be spent working on the case). Plaintiff's attorneys handling single-plaintiff employment cases in the Western District can spend hundreds, if not thousands, of hours working on them through trial. *See, e.g.*, Pl.'s Mot. for Attorney's Fees and Suppl. J. re Tax Consequences, *Jacobs v. Wal-Mart Stores, Inc.*, No. 3:17-cv-5988, at 3 (W.D. Wash. Mar. 20, 2019) (in a single-plaintiff employment case, plaintiff's counsel recorded 1,613.50 hours worked through trial); Pl.'s Mot. for Attorney Fees, Costs, and Prejudgment Interest, *Conti v. Corporate Servs. Group, Inc.*, No. 12-cv-245, 2013 WL 12317592, at 6 (W.D. Wash. Dec. 26, 2013) (in a single-plaintiff employment case, plaintiff's counsel recorded 3,354.35 hours worked through trial).

69.    Here, a reasonable estimate of the number of hours Plaintiff's counsel likely will spend litigating Plaintiff's individual claims through trial (without a class being certified and without litigating issues pertaining to class allegations), based on Plaintiff's allegations and a comparison of similar individual cases, is *at least* 100 hours. Assuming the case is not dismissed on the pleadings, the parties will need to participate in a Rule 16 and 26(f) conference, prepare and file a joint case management conference statement, and appear at a case management conference. Delta anticipates deposing the Plaintiff. Delta anticipates that Plaintiff's counsel will depose multiple witnesses, including one or more Rule 30(b)(6) witnesses. Delta may file a motion for summary judgment. The Parties may have disputes regarding discovery that will involve the Parties briefing and arguing one or more discovery motions. Therefore, 100 hours of attorney time represents a conservative estimate of the minimum number of attorney hours that can reasonably be anticipated through the resolution

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400   FAX +1.206.274.6401

of this case. This estimate does not take into account any proceedings related to Plaintiff's attempt to certify a class. This estimate also does not consider the possibility of additional named plaintiff's being joined in the action.

70.    In separate litigation, Plaintiff's attorneys, Zachary Crosner and Jamie Serb, named in the Complaint have sought hourly rates of $800 and $750, respectively. Mot. Att'y's Fees and Costs; Mem. P. & A., *Gutierrez v. International Paper*, No. 2:22-cv-08460-JFW-RAO, Dkt. No. 64 at 10 (C.D. Cal. June 24, 2024). One hundred hours of attorney time at a billing rate of $750 an hour equates with $75,000 in attorneys' fees.

### 3.  Plaintiff Individually Places Over $75,000 in Controversy.

71.    In Sum, Plaintiff's claims more likely than not place more than $75,000 in controversy:

| Remedy Requested | Amount in Controversy |
|---|---|
| Compensatory damages | $2,339.28 |
| Exemplary double damages | $2,339.28 |
| Plaintiff's attorneys' fees | $75,000 |
| Total | $79,678.56 |

72.    Accordingly, although Delta expressly denies Plaintiff's factual allegations and prayer for relief, denies that Plaintiff is entitled to any relief whatsoever, and reserves the right to challenge the reasonableness of any fees sought, the amount in controversy more likely than not exceeds the jurisdictional threshold set forth in 28 U.S.C. § 1332(a), based solely on the allegations contained in the Complaint.

## VI.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

73.    As set forth above, the Notice of Removal is timely filed within thirty days of service of the Summons and Complaint upon Defendant.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

74.    Defendant will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

75.    Prior to filing the Notice of Removal, Delta sought no similar relief.

76.    The prerequisites for removal under 28 U.S.C. §§ 1332(a), 1332(d)(2), 1441 and 1446 are met.

77.    Because this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332(a) and (d)(2), removal of this action is proper pursuant to 28 U.S.C. § 1441.

## VII.    CONCLUSION

Based on the foregoing, removal is proper to this Court. If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to conduct jurisdictional discovery and to present evidence and argument in support of its position that this case is subject to removal.

DATED this 17th day of October, 2025.

MORGAN, LEWIS & BOCKIUS LLP

By: *s/ Damon C. Elder*
Damon C. Elder, WSBA #46754

By: *s/ Claire M. Lesikar*
Claire M. Lesikar, WSBA #60406

By: *s/ T. Ray Ivey*
T. Ray Ivey, WSBA #55683

1301 Second Avenue, Suite 3000
Seattle, WA 98101
Phone: (206) 274-6400
Email: damon.elder@morganlewis.com
        claire.lesikar@morganlewis.com
        ray.ivey@morganlewis.com

*Attorneys for Defendant Delta Air Lines, Inc.*

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
1301 SECOND AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
TEL +1.206.274.6400    FAX +1.206.274.6401

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on this date, I served true and correct copies of the following

3   documents upon counsel of record listed below in the manner indicated:

4      1)      Notice of Removal;

5      2)      Civil Cover Sheet;

6      3)      Verification of State Court Records;

7      4)      Corporate Disclosure Statement; and

8      5)      Notice of Filing of Notice of Removal.

9

**_Attorneys for Plaintiff Mireya Valdovinos_:**      ☒ *Via CM/ECF*

10                                                      ☒ *Via Email*

Jamie K. Serb, WSBA #62065                            ☐ *Via U.S. Mail*

11  Zachary M. Crosner, WSBA #61644                      ☐ *Via Legal Messenger*

**CROSNER LEGAL, P.C.**

12  92 Lenora Street, #179

13  Seattle, WA 98121

Phone: (866) 276-7637

14  Email: jamie@crosnerlegal.com

          zach@crosnerlegal.com

15

16      Dated: October 17, 2025 at Seattle, Washington.

17

                                *s/ Emily Fortier*

18                              Emily Fortier, Legal Assistant

19

20

21

22

23

24

25

26

NOTICE OF REMOVAL - 22