# Exhibit A

FILED
2025 SEP 18 01:23 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-27248-6 KNT

## SUPERIOR COURT OF THE STATE OF WASHINGTON

## COUNTY OF KING

| | |
|---|---|
| MIREYA VALDOVINOS, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC., a Delaware Corporation and DOES 1-20, inclusive,<br><br>     Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES** |

CLASS ACTION COMPLAINT
Page 1

Plaintiff MIREYA VALDOVINOS ("Plaintiff"), by and through Plaintiff's undersigned attorneys and on behalf of Plaintiff and all others similarly situated is informed and believes, and thereon alleges as follows:

## NATURE OF THE ACTION

1. This is a class action pursuant to Wash. Super. Ct. Civ. R. 23 against Defendants DELTA AIR LINES, INC. and DOES 1-20, inclusive (collectively, "Defendants"), who are employers or co-employers of Plaintiff and others similarly situated, for engaging in a systematic scheme of wage and hour violations against their current and former hourly-paid non-exempt employees.

2. As explained herein, during the Class Period (defined below), Defendants failed to provide Plaintiff and other current and former hourly-paid, non-exempt employees, with statutory ten-minute rest periods. Defendants further failed to provide legally compliant thirty-minute meal periods. Defendants also required non-exempt employees to work off-the-clock, during unpaid meal periods and/or otherwise outside of scheduled shift times. Defendants also failed to compensate Plaintiff and others similarly situated for missed, late, interrupted, and/or otherwise noncompliant meal and rest periods.

3. As such, Defendants are in violation of Washington State Law, including but not limited to, the Washington Industrial Welfare Act ("IWA"), the Washington Minimum Wage Act ("WMWA") and regulations promulgated by Washington State, as described in further detail below.

## JURISDICTION & VENUE

4. This Court has jurisdiction over this action to recover money damages pursuant to RCW 2.08.010.

5. This Court has jurisdiction over Plaintiff's and Class Members' claims under RCW 49.12, 49.46, and 49.52.

6. Venue is proper in King County, pursuant to RCW 4.12.025(1)(a)-(c), (3)(b),

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

because Defendants transact business in King County, and Defendants employed Class Members, including but not limited to, Plaintiff, to work in the State of Washington and King County.

## THE PARTIES

7.     Plaintiff is, and at all relevant times, was an individual domiciled in the State of Washington and a citizen of the State of Washington.

8.     Plaintiff worked for Defendants as a non-exempt, hourly-paid employee from in or around 2018 through in or around November 27, 2024.

9.     During Plaintiff's employment, Defendants did not permit Plaintiff to take legally compliant meal or rest periods. Based on information and belief, Defendants were understaffed during the relevant time period, and as a direct and predictable result, Defendants required, suffered, or permitted Plaintiff to occasionally work through meal and rest periods without compensation, because Plaintiff was busy completing work tasks throughout Plaintiff's shifts. Defendants failed to have a policy or practice of scheduling compliant meal and/or rest periods. Defendants also failed to have a consistent and accurate policy or practice for recording and compensating Plaintiff and other Class Members for missed, late, interrupted and/or otherwise noncompliant meal or rest periods. Therefore, Defendants failed to provide Plaintiff and Class Members with all legally compliant meal and rest periods and otherwise failed to compensate Plaintiff for each missed, late, interrupted and/or otherwise noncompliant meal and/or rest period. Defendants also failed to compensate Plaintiff and others similarly situated for all regular and overtime hours as a result of Defendants' requirement that Plaintiff and others similarly situated complete work tasks off the clock, prior to clocking in for the start of shifts and during unpaid meal periods.

10.     Defendant, DELTA AIR LINES, INC., is a Delaware Corporation that at all relevant times, was authorized to do business in the state of Washington and is doing business in the State of Washington.

11.     Defendants own, operate, manage, and/or staff employees to work at Seattle-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Tacoma International Airport and other locations in Washington. Defendants operate a business that provides commercial airline services including passenger and cargo transportation services.[1]

## CLASS ALLEGATIONS

12.     Plaintiff brings this action on behalf of Plaintiff, and all others similarly situated as a class action pursuant to CR 23. The Class Plaintiff seeks to represent is defined as follows and referred to as the "Class" or "Class Members":

> **Class Members:** All current and former non-exempt hourly-paid employees that worked for Defendant at any location in Washington State in the position(s) of airport customer service representative, Red Coat supervisor, ticket agent, gate agent, baggage handler, ramp agent, customer assistance representative, other "above-ground" positions and/or other positions with substantially similar job duties at any time from three years prior to the filing of the Complaint through the date of the Court's order certifying the Class ("Class Period").

13.     Plaintiff reserves the right to amend or modify the class description with greater specificity, by division into further subclasses, or by limitation to particular issues.

14.     On information and belief, there are estimated to be at least one hundred (100) current and former hourly paid employees of Defendants in the Class. Given Defendants' systematic failure to comply with Washington wage and hour laws and regulations regarding the payment of missed and/or interrupted rest periods and late, missed, and/or interrupted first meal periods, and the underpayment of wages, the members of the Class are so numerous that joinder of all members is impractical.

15.     Plaintiff's claims are typical of the claims of the Class Members because (1) Plaintiff is a member of the putative class; (2) Plaintiff's claims stem from the same practice or

---

[1] *See* https://www.delta.com. Last visited on September 10, 2025.

CLASS ACTION COMPLAINT
Page 4

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

course of conduct that form the basis of the Class claims; (3) All of the Class claims are based on the same facts and legal theories; (4) The injuries that Plaintiff suffered are similar to the injuries that other Class Members suffered and continue to suffer, and they are relatively small compared to the expenses and burden of individual prosecutions of this litigation.

16.    Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff has no conflict of interest with any Class Member. Plaintiff has retained competent and experienced counsel in complex class action litigation. Plaintiff's counsel has the expertise and financial resources to adequately represent the interests of the Class.

17.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to Plaintiff and Class Members are the following:

    a.    Whether Defendants violated WAC 296-126-092 by failing to provide statutory meal periods and rest periods, and failing to compensate Plaintiff and Class Members for missed and/or otherwise noncompliant rest periods and late, missed, interrupted and/or otherwise noncompliant meal periods, as well as the lost opportunity to have the respite of a meal and/or rest period;

    b.    Whether Defendants have an official or unofficial policy, custom, pattern, and practice of understaffing its locations and permitting or requiring Plaintiff and Class Members to work through meal and/or rest periods, have interrupted meal and/or rest periods, or have untimely meal and/or rest periods;

    c.    Whether Defendants maintained an adequate system for scheduling Plaintiff's and Class Members' rest periods;

    d.    Whether Defendants maintained an adequate system for ensuring that Plaintiff and Class Members could take timely meal and/or rest

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

periods;

e.  Whether Defendants maintained an adequate system to record missed, late, interrupted and/or otherwise noncompliant meal and/or rest periods;

f.  Whether Defendants have insufficient record-keeping on a systemic level;

g.  Whether Defendants' violations of wage and hour laws were willful and are, therefore, liable for double damages under RCW 49.52.050 and 49.52.070;

h.  Whether Defendants violated RCW 49.46.130 by failing to pay Plaintiff and Class Members for overtime wages due at the rate of 1.5 times their regular rate of pay for all hours worked over 40 hours per week, inclusive of hours worked when working through their meal and/or rest breaks and/or for the meal and/or rest periods that were not provided or interrupted;

i.  Plaintiff anticipates that Defendants' defenses will also raise common questions of law and fact; and

j.  The nature and extent of class-wide damages and the measure of damages for the Class.

18.  Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort, or expense that numerous individuals would otherwise entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class Members are readily identifiable from

CLASS ACTION COMPLAINT
Page 6

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel.  (866) 276-7637
Fac. (310) 510-6429

Defendants' employee rosters and/or payroll records.

19.    Defendants' actions are generally applicable to each of the Class Members. Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which in turn, would establish incompatible standards of conduct for Defendants.

20.    Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many of the Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendants.

## FACTUAL AND LEGAL ALLEGATIONS

21.    During the Class Period, Plaintiff and each of the Class Members worked for Defendants in the State of Washington.

22.    Plaintiff is, and at all relevant times, was an individual domiciled in the State of Washington and a citizen of the State of Washington.

23.    Plaintiff worked for Defendants as a non-exempt, hourly-paid airport employee at Seattle-Tacoma International Airport.

24.    Throughout Plaintiff's employment, Plaintiff typically worked shifts that were at least approximately ten and one-half (10 ½) hours long.  Plaintiff typically worked around five (5) days per week.

25.    At all relevant times, Plaintiff was compensated with an hourly rate for time counted by Defendants as hours worked.  At times, Plaintiff was compensated with an hourly rate of approximately $26.69.

26.    Facts Regarding Defendant's Failure to Provide Meal Periods and Rest Periods and Failure to Compensate for Missed Meal and Rest Periods: Under WAC 296-126-092(1),"[e]mployees shall be allowed a meal period of at least thirty minutes which commences no less than two hours nor more than five hours from the beginning of the shift. Meal periods shall

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer[;] (2) No employee shall be required to work more than five consecutive hours without a meal period."

27.    Under WAC 296-126-092(4), "[e]mployees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time. Rest periods shall be scheduled as near as possible to the midpoint of the work period. No employee shall be required to work more than three hours without a rest period."

28.    Further, the recent decision by the Washington Supreme Court in *Androkitis v. Virginia Mason,* made clear that "the Industrial Welfare Act regulation granted employees covered by that act a right to have the respite of a 30-minute meal period and granted them a meaningful remedy distinct from their right to be compensated for their hours worked" and concluded that "30 minutes of wages is an appropriate measure of damages for such a deprivation." *See Androkitis v. Virginia Mason,* 556 P.3d 714, 722 (2024).

29.    Defendants failed to provide Plaintiff and Class Members with all statutory meal and rest periods. Defendants did not and do not always provide their hourly-paid, non-exempt employees with statutory ten-minute rest periods for every four hours of work, or 30-minute meal periods between the second and fifth hours of their shifts. On these occasions, Defendants have not compensated Plaintiff and Class Members for the time spent working through meal and/or rest periods or for the lost opportunity to take a legally compliant meal and/or rest period.

30.    For example, Plaintiff was sometimes required to complete work tasks during unpaid meal periods resulting in denied meal periods and off-the-clock work.

31.    For example, Defendants required Plaintiff and other Class Members to remain available and responsive to work communications during purportedly off-duty meal periods, resulting in interrupted meal periods.

32.    For example, during purportedly off-duty meal periods, Plaintiff would sometimes receive calls over her work radio and was expected to and did respond to these work-related

CLASS ACTION COMPLAINT
Page 8

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

communications during meal periods, resulting in interrupted meal periods and off-the-clock work during unpaid meal periods.

33.    Based on information and belief, Defendants also required other Class Members to monitor and respond to calls on work communication devices during unpaid meal periods, resulting in denied meal periods and uncompensated work time.

34.    Also, Plaintiff and Class Members were often required to remain at or near their workstations during purportedly off-duty meal periods.

35.    For example, it was often impractical to reach any designated break areas during meal or rest periods due to the significant time required to travel within the airport facility (e.g., from an assigned gate/other workstation to a designated break area).  As such, Plaintiff and other Class Members, when they received meal and rest breaks, were forced to take said meal and rest breaks at their workstations.

36.    Also, many of Plaintiff's meal periods had to be taken beyond the fifth hour of work due to the need to complete assigned job duties.

37.    For example, at times, Plaintiff and other Class Members were required to take meal periods during the final hours of their shifts, in violation of Washington law.

38.    Defendants violated the MWA, RCW 49.46, when it failed to compensate Plaintiff and other Class Members for thirty (30) minutes of work for each instance it did not provide a meal period in a duration of thirty (30) minutes commencing between the second and fifth hour from the start of their shift or when it required them to work greater than five (5) consecutive hours without or between meal periods.

39.    Additionally, Plaintiff and other Class Members were at times required to complete off-the-clock work prior to their scheduled shift time which Defendants failed to take into account during any scheduling of meal periods for Class Members. Based on information and belief, meal periods were late, in part due to unaccounted pre-shift off-the-clock work.

40.    Based on information and belief, Defendants implemented a policy and practice of

CLASS ACTION COMPLAINT
Page 9

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel.  (866) 276-7637
Fac. (310) 510-6429

automatically deducting at least thirty minutes per shift for purported meal periods despite having actual and/or constructive knowledge that Plaintiff and other Class Members were required to work through their meal periods, take interrupted meal periods and/or take meal periods that were less than thirty minutes long.

41.    Moreover, Defendants' automatic meal period deduction system prevented Class Members from accurately recording when meal periods were interrupted, shortened, or missed entirely. The system deducted meal period time regardless of whether Class Members actually received uninterrupted meal periods, resulting in uncompensated work time and meal period violations.

42.    Based on information and belief, when Plaintiff and other Class Members were interrupted during their meal periods to respond to work-related radio calls and/or complete other work tasks, Defendants automatically deducted at least thirty minutes from their wages despite the interruptions, resulting in uncompensated work time and denied meal periods.

43.    Based on information and belief, at times, when Plaintiff and other Class Members were unable to take meal periods at all take meal periods that were shorter than thirty minutes due to work demands and/or the inability to reach any designated break area, Defendants' automatic deduction system continued to deduct time from Plaintiff's and other Class Members' wages for purported meal periods even though Defendants had actual and/or constructive knowledge that Class Members were required to complete work tasks during purported meal periods. Based on information and belief, Plaintiff was at times unable to take meal periods, yet meal period deductions were taken from her wages regardless.

44.    Based on information and belief, when Plaintiff worked three (3) or more hours beyond Plaintiff's normal workday Plaintiff did not receive a second meal period/any meal period, as required by WAC 296-126-092(3).

45.    Defendants failed to compensate Plaintiff and Class Members with an additional thirty minutes of work time, at their respective regular rate(s) of pay, for each instance on which

CLASS ACTION COMPLAINT
Page 10

they were not provided a meal period of at least thirty minutes beginning no less than two (2) hours and no more than five (5) hours after the beginning of their shifts, for shifts greater than five (5) hours long, in violation of Washington Law.

46.    Based on information and belief, at times, Defendants rounded and/or deducted for purported meal periods that were interrupted, cut short, on-duty and/or worked through completely, resulting in meal period law violations as well as Defendants' failure to compensate Class Members for all hours worked and the underpayment of wages owed to Class Members.

47.    Defendants failed to compensate Plaintiff for each missed and/or otherwise legally noncompliant meal period, in violation of Washington Law.

48.    Defendants failed to compensate Plaintiff for each missed and/or otherwise legally noncompliant rest period, in violation of Washington Law.

49.    For example, based on information and belief, Plaintiff and other Class Members were denied owed rest periods because they were required to work through part/all of their rest periods, take late rest periods and/or take rest periods that were less than ten minutes.

50.    For example, at times, Plaintiff was required to work more than three (3) hours without receiving a rest period.

51.    Also, Plaintiff and other Class Members were required to remain available and responsive to work communications during purportedly off-duty rest periods, resulting in interrupted, on-duty rest periods, and/or rest periods that were less than ten minutes long.

52.    In addition, Defendants had no policy or practice to schedule meal or rest periods or to allow Plaintiff and Class Members to record their missed and/or otherwise noncompliant meal and rest periods. Defendants also had no policy or practice of compensating Plaintiff and Class Members for missed and/or otherwise noncompliant meal and/or rest periods or for the deprivation of the right to a missed and/or otherwise noncompliant meal and/or rest period. Therefore, Defendants are liable to Plaintiff and the Class Members for compensation for time spent working during their statutory meal and rest periods and for the deprivation of their rights to

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel.  (866) 276-7637
Fac. (310) 510-6429

the respite of meal and rest periods.

53.     Defendants, including Defendants' management, were on notice, or should have been on notice, of their violations of Washington wage and hour laws. Thus, Defendants' violations as alleged above are willful with the intent to deprive Plaintiff and Class Members of wages owed for all missed/legally noncompliant meal and rest periods.

54.     <u>Facts Regarding Defendant's Failure to Pay Minimum and Overtime Wages</u>: The WMWA entitles non-exempt Washington employees to "compensation for regular hours worked and for any overtime hours worked." *Stevens v. Brink's Home Security, Inc.*, 162 Wn.2d 42, 47 (2007). "Hours worked" is defined as "all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place." Id. (citing WAC 296-126-002(8)).

55.     Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act ("WMWA"), RCW 49.46 *et seq.* If the employer fails to do so, RCW 49.46.090 requires that the employer pay the employees the full amount of the statutory minimum wage rate per hour less any amount actually paid to the employees.

56.     RCW 49.46.130(1) provides, in part: "[N]o employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed." At all times throughout their employment, Plaintiff and other Class Members were non-exempt for the purposes of overtime under Washington law, and they at times worked more than forty hours per week, inclusive of hours worked when working through their breaks and/or for the rest and meal periods not provided.

57.     Defendants were actually aware, or through reasonable diligence should have been aware, that Plaintiff and the Class Members were at times working through and/or otherwise

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel.  (866) 276-7637
Fac. (310) 510-6429

required to take noncompliant rest periods and meal periods in violation of WAC 296-126-092. Defendants knowingly violated WAC 296-126-092 by failing to schedule rest periods, by failing to provide meal periods and rest periods, and/or by routinely and as a matter of official or unofficial policy and custom understaffing Defendants' locations, rendering it impossible for Plaintiff and the Class to always take legally compliant rest periods and first meal periods. Accordingly, Defendants were on notice, or should have been on notice, of their violations of Washington wage and hour laws. Thus, Defendants' violations as alleged above are willful with the intent to deprive Plaintiff and Class Members of wages (including, where applicable, overtime wages) owed for missed, interrupted and/or otherwise rest periods and late, missed, and/or interrupted meal periods.

58.    At times, Defendants required Plaintiff and other Class Members to complete work tasks off the clock, resulting in Defendants' failure to compensate them for all hours worked and the underpayment of wages owed, in violation of Washington law, including but not limited to, the WMWA.

59.    For example, at times, Defendants required Plaintiff to complete work tasks during unpaid meal periods, resulting in Defendants' failure to compensate Plaintiff for all hours worked and the underpayment of wages owed to Plaintiff, in violation of Washington law, including but not limited to, the WMWA.

60.    Defendants also required Plaintiff and other Class Members to complete work tasks before clocking in for the start of their shifts and after clocking out for the end of shifts, resulting in additional off-the-clock work and the underpayment of wages owed.

61.    For example, Defendants required Plaintiff and other Class Members to arrive at work before their scheduled shift start times to accommodate mandatory travel time from Defendants' designated parking areas to the airport via Defendants' designated bus transportation as well as mandatory travel time through the airport to their assigned work locations. Defendants instructed Plaintiff and other Class Members to arrive early enough to allow for this extensive mandatory travel time to ensure they could clock in at their scheduled shift start time.

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

62.    After arriving at work but prior to being able to clock in, Plaintiff and other Class Members were required to travel from Defendants' designated parking areas via Defendants' designated bus transportation to the airport terminal. Upon arrival at the terminal, they were then required to spend time navigating through multiple levels of the airport facility, including traveling on escalator(s), crossing skybridge connection(s) and/or ascending additional stories to reach their designated work areas and ultimately the breakroom where the electronic time clock was located.

63.    This mandatory travel time resulted in uncompensated pre-shift off-the-clock work and the underpayment of wages owed to Plaintiff and other Class Members.

64.    Defendants also required Plaintiff and other Class Members to complete mandatory travel and/or other work tasks after clocking out for the end of their shifts, resulting in additional off-the-clock work and the underpayment of wages owed.

65.    For example, Plaintiff and other Class Members were required to first clock out at the electronic time clock in the breakroom before completing the mandatory travel from their assigned work locations back to Defendants' designated parking areas. This mandatory post-shift travel required Plaintiff and other Class Members to navigate through multiple levels of the airport facility, including descending from the mezzanine level, crossing skybridge connection(s), taking escalator(s), then walking to the bus boarding area and travelling on Defendants' designated bus transportation back to the designated parking areas.

66.    This mandatory post-shift travel resulted in off-the-clock work, Defendants' failure to compensate Plaintiff and other Class Members for all hours worked, and the underpayment of wages owed.

67.    Defendants also required Plaintiff and other Class Members to complete additional off-the-clock work-related tasks outside of their scheduled shifts, including but not limited to responding to work-related calls/text messages and preparing for company events.

68.    For example, Defendants required Plaintiff and other Class Members to prepare and/or purchase food and/or other items for company events on their own time, however,

CLASS ACTION COMPLAINT
Page 14

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel.  (866) 276-7637
Fac. (310) 510-6429

Defendants did not compensate Plaintiff and other Class Members for all time spent preparing or purchasing the food/other items for these work events, resulting in off-the-clock work and the underpayment of wages owed.

69.    Based on information and belief, at times, Defendants failed to pay Plaintiff and other Class Members for days actually worked by incorrectly marking those workdays as "no call/no show" in their timekeeping system, resulting in Defendants' failure to compensate Class Members for all hours worked and the underpayment of wages owed.

70.    Also, based on information and belief, Defendants failed to pay for all hours worked in excess of 40 hours in a workweek at a rate of pay equal to 1.5 times Class Members' regular rate(s) of pay.

71.    Based on further information and belief, Defendants failed to incorporate all non-discretionary compensation into the regular rate of pay used to calculate the overtime rate, resulting in the miscalculation of the owed overtime rate and the underpayment of wages owed.

72.    Defendants deprived Plaintiff and other Class Members of earned wages, including but not limited to, all regular and overtime wages, by requiring Plaintiff and other Class Members to incur unreimbursed business expenses that were necessary for the performance of their job duties, thereby depriving Plaintiff and other Class Members of all earned wages. These unreimbursed business expenses included personal cell phone expenses incurred as a result of Defendants' requirement that Plaintiff and other Class Members use their personal cell phones for work-related communications, and/or the cost of purchasing required non-slip shoes and/or uniforms and/or other work-related apparel. The failure to reimburse these business expenses resulted in the deprivation of wages owed to Plaintiff and Class Members.

73.    For example, Defendants required Plaintiff to use her personal cell phone to make and receive extensive work-related calls on a regular basis. Defendants did not reimburse Plaintiff for cell phone expenses and/or other business expenses. The failure to reimburse these cell phone expenses resulted in the deprivation of wages owed to Plaintiff.

CLASS ACTION COMPLAINT
Page 15

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

74.     Additionally, Defendants required Plaintiff and other Class Members to purchase non-slip shoes and/or uniforms and/or other work-related apparel without providing reimbursement for these employer-mandated requirements. The failure to reimburse these required work-related expenses resulted in the deprivation of wages owed to Plaintiff and other Class Members.

75.     As a result of Defendants' unlawful acts, Plaintiff and the Class Members have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.46, are entitled to recover such amounts, including interest thereon, attorneys' fees, and costs.

## FIRST CAUSE OF ACTION
### Implied Cause of Action Pursuant to RCW 49.12
### Failure to Compensate for Legally Noncompliant Meal and Rest Periods
### In Violation of WAC 296-126-092

76.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

77.     Under the Supreme Court of Washington's decision in *Wingert v. Yellow Freight Systems, Inc.*, 146 Wash.2d 841 (2002), the statutory provisions set forth in RCW 49.12 entitle aggrieved employees to an implied cause of action for all unpaid wages against an employer, including wages owed to employees pursuant to properly promulgated regulations. Id. at 847-51.

78.     WAC 296-126-092(1) provides that:
> Employees shall be allowed a meal period of at least 30 minutes which commences no less than two hours nor more than five hours from the beginning of the shift. Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer. [...]

79.     WAC 296-126-092(4) provides that:
> Employees shall be allowed a rest period of not less than 10 minutes, on the employer's time, for each 4 hours of working time. Rest periods shall be scheduled as near as possible to the midpoint of the work period. No employee shall be required to work more than three hours without a rest period. [...]

80.     The words "on the employer's time" mean that the employer must compensate employees for their time spent taking rest periods authorized under these regulations. *Wingert, 146 Wash.2d at 847-51*. Washington law requires employers to compensate employees for missed meal

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

periods. *Pellino v. Brink's Inc.*, 164 Wash. App. 668, 690-93 (2011). Washington law requires employers to compensate employees for missed rest periods. *Chavez v. Our Lady of Lourdes Hosp. at Pasco*, 415 P.3d 224, 230-31 (Wash. 2018).

81.     Further, the recent decision by the Washington Supreme Court in *Androkitis v. Virginia Mason*, made clear that "the Industrial Welfare Act regulation granted employees covered by that act a right to have the respite of a 30-minute meal period and granted them a meaningful remedy distinct from their right to be compensated for their hours worked" and concluded that "30 minutes of wages is an appropriate measure of damages for such a deprivation." *See Androkitis v. Virginia Mason*, 556 P.3d 714, 722 (2024).

82.     As stated above, at times, Defendants failed to provide Plaintiff and Class Members with legally compliant meal and rest periods. Defendants did not provide Plaintiff and Class Members with all statutory ten-minute rest periods for every four hours of work and failed to provide 30-minute meal periods no later than the fifth hour of their shifts or within five (5) consecutive hours between meal periods. The time pressured nature of Plaintiff's and the Class Members' work was such that they could not always take statutory meal periods and rest periods, and, at times, were forced to work during their meal and rest periods.

83.     Based on information and belief, at times, Defendants rounded and/or automatically deducted precisely thirty-minutes per shift for meal periods that were interrupted, cut short, on-duty and/or worked through completely, resulting in meal period law violations as well as Defendants' failure to compensate Plaintiff for all hours worked and the underpayment of wages owed to Plaintiff, in violation of Washington law, including but not limited to, the WMWA.

84.     Defendants violated the MWA, RCW 49.46, when it failed to compensate Plaintiff and other Class Members for thirty (30) minutes of work for each instance it did not provide a meal period in a duration of thirty (30) minutes commencing between the second and fifth hour from the start of their shift or when it required them to work greater than five (5) consecutive hours without or between meal periods.

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

85.    Defendants failed to compensate Plaintiff for each legally noncompliant and/or missed rest period, in violation of Washington Law.

86.

87.    Furthermore, Defendants had no policy or practice to schedule meal or rest periods or to allow Plaintiff and Class Members to record their missed and/or otherwise noncompliant meal and rest periods. Defendants also had no policy or practice of compensating Plaintiff and Class Members for missed and/or otherwise noncompliant meal and/or rest periods or for the deprivation of the right to a missed and/or otherwise noncompliant meal and/or rest period.

88.    As a direct and proximate result of Defendants' violations and its willful intent to deprive Plaintiff and Class Members of all owed wages for all missed and/or otherwise noncompliant meal period and rest periods, Defendants deprived Plaintiff and the Class Members of compensation in the amounts to be determined at trial, plus interest, attorneys' fees, and costs.

**SECOND CAUSE OF ACTION**
**Double Damages for Willful and Intentional Withholding of Wages**
**Pursuant to RCW 49.52.050,070**
**Flowing from the First Cause of Action**
**On Behalf of Plaintiff and the Class Members**

89.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

90.    RCW 49.52.070 states:
Any employer or officer, vice principal or agent of any employer who shall violate any of the provisions of RCW 49.52.050 (1) and (2) shall be liable in a civil action by the aggrieved employee or his or her assignee to judgment for twice the amount of the wages unlawfully rebated or withheld by way of exemplary damages, together with costs of suit and a reasonable sum for attorney's fees…

91.    "The standard for proving willfulness is low – our cases hold that an employer's failure to pay will be deemed willful unless it was a result of 'carelessness or error.'" *Hill v. Garda CL Northwest, Inc.,* 191, Wash.2d 553 (2018) (*citing Wash. State Nurses Ass'n v. Sacred Heart Med. Ctr.,* 175 Wash.2d 822, 834 (2012) (internal citations omitted)).

92.    By failing to compensate Plaintiff and the Class Members for all

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

1  missed/noncompliant meal periods and rest periods, Defendants acted willfully with the intent to

2  deprive Plaintiff and the Class Members of compensation to which they were entitled.

3      93.    As a direct and proximate result of Defendants' violations and its willful intent to

4  deprive Plaintiff and the members of the Class of compensation owed, Plaintiff and the members

5  of the Class are entitled to judgment for twice the amount of compensation owed.

6

7                          **THIRD CAUSE OF ACTION**
                            **Minimum Wage Violations**
8               **Minimum Wage Act: RCW 49.46 *et. seq.***
                     **On Behalf of Plaintiff and Class Members**
9

10      94.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth

11  in the preceding paragraphs.

12      95.    Under RCW 49.46.090, employers must pay employees all wages to which they

13  are entitled under the Washington Minimum Wage Act ("WMWA"), RCW 49.46 *et seq*. If the

14  employer fails to do so, RCW 49.46.090 requires that the employer pay the employees the full

15  amount of the statutory minimum wage rate per hour less any amount actually paid to the

16  employees.

17      96.    RCW 49.46.130 provides that no employer shall employ an employee for a

18  workweek longer than 40 hours unless the employee receives compensation for his or her

19  employment in excess of the hours above specified at a rate no less than one and one-half times

20  the regular rate at which he or she is employed.

21      97.    Defendants failed to pay Plaintiff and Class Members for all time worked.

22  Defendants engaged in a common course of failing to provide Plaintiff and Class Members with

23  ten minutes of additional pay for each missed/otherwise noncompliant rest break and with thirty

24  minutes of additional pay for each missed/otherwise noncompliant meal break.  Defendants also

25  required Plaintiff and Class Members to complete off-the-clock work tasks during unpaid meal

26  periods, before clocking in for the start of shifts, after clocking out for the end of shifts and/or

27  otherwise outside of their scheduled shift times, resulting in Defendants' failure to compensate

28

CLASS ACTION COMPLAINT
Page 19

Plaintiff and Class Members for all work time and the underpayment of wages owed to Plaintiff and Class Members.

98.    By the actions alleged above, Defendants violated the provision of RCW 49.46.090, RCW 49.46.130, by failing to pay wages to Plaintiff and the Class Members for all missed/otherwise noncompliant rest and meal breaks, including when the missed/otherwise noncompliant breaks occurred during workweeks when Plaintiff and the Class Members worked in excess of forty hours that week.

99.    Defendants additionally engaged in unauthorized time editing/rounding, as described herein. For example, based on information and belief, at times, Defendants performed an automatic thirty-minute meal period deduction per shift/rounded meal periods to precisely thirty minutes for meal periods that were less than thirty minutes, interrupted and/or otherwise noncompliant.

100.    Defendants deprived Plaintiff and the Class Members of earned wages, including but not limited to, all regular and overtime wages, by requiring Plaintiff and the Class Members to incur cell-phone-related expenses, uniform/work shoes expenses as a result of Defendants' requirements they use their personal cell phones/personal devices for work and purchase their own work shoes/other uniforms without reimbursing Plaintiff and the Class Members in full for these business expenses, thereby depriving Plaintiff and other Class Members of all earned wages.

101.    As a result of Defendants' unlawful acts, Plaintiff and the Class Members have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.46, are entitled to recover such amounts, including interest thereon, attorneys' fees, and costs.

### FOURTH CAUSE OF ACTION
**Failure to Pay Overtime Wages**
**On Behalf of Plaintiff and Class Members**

102.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel.  (866) 276-7637
Fac. (310) 510-6429

103.    The WMWA, RCW 49.46.090, prescribes a cause of action for employees to bring against an employer for the full amount of unpaid wages he or she is owed under the WMWA, and for reasonable attorney's fees and costs.

104.    The WMWA at RCW 49.46.130 states in pertinent part, "that no employer shall employ any of his or her employers for a work week longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate of not less than one and one-half times the regular rate at which he or she is employed."

105.    The WMWA entitles employees to "compensation for regular hours worked and for any overtime hours worked." *Stevens,* 162 Wn.2d at 47. "Hours worked" is defined as "all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place." *Id.* (citing WAC 296-0126-002(8)).

106.    As set forth above, during workweeks in which Plaintiff and Class Members worked more than forty hours, inclusive of hours worked when working through or during their breaks and/or for meal and rest periods that were not provided, Defendants violated WMWA by failing to pay Plaintiff and the Class Members at the overtime rate of 1.5 times their regular rate of pay for all hours worked in excess of 40 in such workweeks. *Wash. State Nurses Ass'n,* 175 Wn.2d at 832.

107.    Defendants at times required Plaintiff and Class Members to complete pre-shift off-the-clock work tasks, post-shift off-the-clock work tasks, work tasks during unpaid meal periods and/or otherwise outside of scheduled shift times, resulting in Defendants' failure to pay Plaintiff and the Class Members all owed overtime wages in violation of the WMWA.

108.    As a direct and proximate result of Defendants' violations and its willful intent to deprive Plaintiff and Class Members of overtime wages owed, Defendants deprived Plaintiff and the Class Members of compensation in the amounts to be determined at trial, interest, attorney's fees, and costs.

**FIFTH CAUSE OF ACTION**
**Record Keeping Violations**

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

**On Behalf of Plaintiff and Class Members**

109.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

110.    At times, Defendants failed to maintain adequate records of the hours worked and the missed, late and/or interrupted meal periods and rest periods for Plaintiff and other Class Members as required by RCW 49.46.070. Plaintiff and the Class Members have been harmed by Defendants' failure to maintain adequate wage records and records of missed, late, interrupted and/or otherwise noncompliant meal periods and rest periods and have no adequate remedy at law to address that harm and request an injunction requiring Defendants to keep adequate records, as well as a spoliation instruction of any defensive allegations regarding their damages.

**PRAYER FOR RELIEF**

Wherefore Plaintiff, on behalf of Plaintiff and Class Members, prays for judgment against Defendants as follows:

A.  An Order that this action may proceed and be maintained as a class action, and certifying the Class as defined above for the Class periods defined above;

B.  A declaratory judgment that Defendants willfully violated the WAC 296-126-092 by failing to provide Plaintiff and Class Members with statutory meal periods and rest periods, and for failing to compensate Plaintiff and Class Members for missed, late, interrupted/otherwise noncompliant meal periods and rest periods;

C.  An award of damages to Plaintiff and Class Members in the amount of their missed and unpaid meal period and rest period wages, and for unpaid overtime wages for hours worked over 40 hours in a week;

D.  Exemplary damages in amounts equal to double the wages due to Plaintiff and Members of the Class pursuant to RCW 49.52.050, .070 for any time during the Class Period;

E.  Injunctive Relief with respect to Defendants' record-keeping violations, including an

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

order requiring Defendants to maintain adequate records of missed, late, interrupted/noncompliant meal periods and rest periods;

F.  Attorneys' fees and costs, as allowed by law, including RCW 49.46.090(1) and 49.48.030, and 49.52.070;

G.  Prejudgment interest; and

H.  All other relief this Court deems proper.

Dated:  September 18, 2025

CROSNER LEGAL, PC

By: _____
Jamie K. Serb (WSBA No. 62065)
Zachary M. Crosner (WSBA No. 61644)
Crosner Legal, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Telephone: (866) 276-7637
Facsimile: (310) 510-6429
jamie@crosnerlegal.com
zach@crosnerlegal.com
Attorneys for Plaintiff,
MIREYA VALDOVINOS

CLASS ACTION COMPLAINT
Page 23

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

FILED
2025 SEP 18 01:23 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-27248-6 KNT

**SUPERIOR COURT OF THE STATE OF WASHINGTON**

**COUNTY OF KING**

| | |
|---|---|
| MIREYA VALDOVINOS, individually and on behalf of all others similarly situated, | Case No.: |
| Plaintiff, | SUMMONS (20 DAYS) |
| v. | |
| DELTA AIR LINES, INC., a Delaware Corporation and DOES 1-20, inclusive, | |
| Defendants. | |

SUMMONS
Page 1

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel.  (866) 276-7637
Fac. (310) 510-6429

TO THE DEFENDANT DELTA AIR LINES, INC., a Delaware Corporation: A lawsuit has been started against you in the above-entitled court by Mireya Valdovinos, individually and on behalf of all others similarly situated, Plaintiff. Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgement may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgement may be entered.

You may demand that the Plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so your written response, if any, may be served on time.

////
///
///
///
///
///
///
///
///
///

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

1        This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State

2    of Washington.

3

4    Dated this 18th day of September 2025          Respectfully submitted,

5                        **CROSNER LEGAL, PC**

6

7                        By: _____

8                        Jamie K. Serb (WSBA No. 62065)

9                        Zachary M. Crosner (WSBA No. 61644)

10                       Crosner Legal, P.C.

                    92 Lenora Street, #179

11                       Seattle, WA 98121

                    Telephone: (866) 276-7637

12                       Facsimile: (310) 510-6429

                    jamie@crosnerlegal.com

13                       zach@crosnerlegal.com

                    Attorneys for Plaintiff,

14                       MIREYA VALDOVINOS

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUMMONS
Page 3

CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel.  (866) 276-7637
Fac. (310) 510-6429