UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIREYA VALDOVINOS,<br><br>                Plaintiff,<br><br>    v.<br><br>DELTA AIR LINES INC,<br><br>                Defendant. | Case No. C25-2026-SKV<br><br>ORDER GRANTING DISMISSAL<br>AND LEAVE TO AMEND |

Mireya Valdovinos ("Plaintiff") brings individual and class claims against Delta Air Lines ("Defendant") for Washington labor law violations. Defendant now moves to dismiss her action in its entirety and to strike her putative class allegations. Having considered the motion, the parties' submissions, the relevant portions of the record, and the applicable law, the Court GRANTS Defendant's motion.[1]

                I.      BACKGROUND

Plaintiff worked for Defendant as a non-exempt, hourly-paid employee at the Seattle-Tacoma International Airport from 2018 through November 2024. *See* Dkt. 1-1 paras. 8, 23. She originally filed her Complaint in King County Superior Court, asserting five claims under

---

[1] The parties did not request oral argument.

ORDER GRANTING DISMISSAL AND LEAVE
TO AMEND - 1

Washington law: (1) failure to compensate employees for legally noncompliant meal and rest periods; (2) willful and intentional withholding of wages; (3) violation of Washington's Minimum Wage Act; (4) failure to pay overtime wages; and (5) record keeping violations. *See id.* at 2, 17, 19–22. Defendant timely removed her case to this Court.[2] *See* Dkt. 1. The parties consented to proceed before the undersigned. *See* Dkt. 9.

The Court begins with a summary of the labor standards relevant to Plaintiff's claims and then reviews her factual allegations.

A.   <u>Statutory Framework</u>

Washington law establishes various requirements for breaks and compensation relevant to this case.

First, employees must be allowed a meal period lasting at least thirty minutes. That break must commence no less than two hours nor more than five hours from the beginning of an employee's shift. When an "employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer," meal periods must be on the employer's time. WAC 296-126-092(1). Where employees work three or more hours longer than a normal workday, they must be allowed at least one, thirty-minute meal period prior to or during the overtime period. *See* WAC 296-126-092(3).

Second, employees must be allowed rest periods of ten or more minutes, on the employer's time, for every four hours of work. Those rest periods must be scheduled "as near as possible to the midpoint of the work period" and employees cannot be required to work more than three hours without a rest period. WAC 296-126-092(4). "Hours worked" includes "all

---

[2] The Court has subject matter jurisdiction under the Class Action Fairness Act. *See* 28 U.S.C. § 1332(d).

ORDER GRANTING DISMISSAL AND LEAVE
TO AMEND - 2

hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place." WAC 296-126-002(8).

Third, employers must pay employees at least minimum wage for hours worked. *See* RCW 49.46.020(1); *see also* RCW 49.46.090. Unless an exception applies, employees that work more than forty hours in a workweek must be compensated at a rate of one and one-half times their regular rate. *See* RCW 49.46.130(1). Where an employer "[willfully] and with intent to deprive the employee of any part of his or her wages, . . . pay[s] any employee a lower wage than the wage such employer is obligated to pay such employee," they may be exposed to civil liability and double damages. RCW 49.52.050(2); *see also* RCW 49.52.070.

B.  Allegations

Plaintiff alleges that Defendant violated these requirements in various ways throughout her tenure. She seeks to represent a class of

> current and former non-exempt hourly-paid employees that worked for Defendant at any location in Washington State in the position(s) of airport customer service representative, Red Coat supervisor, ticket agent, gate agent, baggage handler, ramp agent, customer assistance representative, other "above-ground" positions and/or other positions with substantially similar job duties at any time from three years prior to the filing of the Complaint through the date of the Court's order certifying the Class . . . .

Dkt. 1-1 para. 12.

1.  *Meal and Rest Periods*

Plaintiff alleges that Defendant required or permitted her to "occasionally" or "sometimes" work through meal and rest periods, without compensation, due to her workload and understaffing. *Id.* at paras. 9, 30, 57. She alleges she "would sometimes receive calls over her work radio and was expected to and did respond to these work-related communications during meal periods, resulting in interrupted meal periods and off-the-clock work during unpaid

meal periods." *Id.* para. 32.  She contends that Defendant automatically deducted thirty minutes or more from paid time per shift, regardless of whether Plaintiff or putative class members worked through some or all of their meal and rest periods, and did not have a system that allowed employees to report interrupted, shortened, or missed meal periods.  *See id.* paras. 40–41, 52.

Plaintiff also challenges the timing and location of breaks.  She alleges that she and putative class members were "forced" to take meal and rest breaks at their workstations because it was "impractical to reach any designated break areas" during breaks.  *Id.* para. 35.  Further, she asserts "many" of her meal periods had to be taken after her fifth hour of work due to her workload and that, "at times," she was required to work for more than three hours without a rest period.  *Id.* paras. 36, 50.  Finally, she alleges that Defendant "had no policy or practice to schedule meal or rest periods," *id.* para. 52, while claiming off-the-clock work performed before shifts was not accounted for by Defendant "during any scheduling of meal periods," *id.* para. 39.

### 2. *Minimum and Overtime Wages*

Plaintiff states she typically worked shifts that were ten and one-half hours long, five days per week.  *See id.* para. 24.  She alleges that, "[a]t times, Defendant[] required Plaintiff and . . . [putative class members] to complete work tasks off the clock, resulting in Defendant['s] failure to compensate them for all hours worked and the underpayment of wages owed."  *Id.* para. 58.  Those tasks included unspecified work during meal periods and navigating from the parking lot through the airport to an electronic time clock before shifts commenced and the reverse after shifts ended.  *See id.* paras. 59–62, 65.  Additional off-the-clock tasks included "responding to work-related calls/text messages and preparing for company events[]" by preparing or purchasing food.  *Id.* paras. 67–68.

ORDER GRANTING DISMISSAL AND LEAVE
TO AMEND - 4

Plaintiff further alleges that she was not compensated for all days worked and business expenses incurred. For example, she asserts that she and putative class members were "at times" marked absent on days they worked, resulting in nonpayment of wages owed. *Id.* para. 69. She also alleges that she and putative class members were not reimbursed for expenses necessary for job performance like personal cell phones, shoes, and clothing. She contends that Defendant required employees to use personal cell phones for work-related communications and that she was required to "make and receive extensive work-related calls on a regular basis[]" from her personal phone. *Id.* paras. 72–73. She also alleges Defendant required her and putative class members to purchase non-slip shoes, uniforms, or "other work-related apparel" without reimbursement. *Id.* para. 74.

Finally, Plaintiff alleges that Defendant failed to incorporate unspecified "non-discretionary compensation" into the rate used to calculate her and the putative class members' overtime rates. *See id.* para. 71.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires plaintiffs to set out "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Defendants may move to dismiss claims pursuant to Rule 12(b)(6) on grounds that the complaint falls short of Rule 8's pleading standard.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Likewise, factual allegations "that are 'merely consistent with' a defendant's liability[] . . . 'stop[] short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

On a Rule 12(b)(6) motion, the Court's "review is limited to the complaint, materials incorporated by reference into the complaint, and matters of which . . . [the Court] may take judicial notice." *Mauia v. Petrochem Insulation, Inc.*, 5 F.4th 1068, 1071 (9th Cir. 2021) (citing *Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093, 1104 (9th Cir. 2020)). The Court "accept[s] as true all facts alleged in the complaint and construe[s] them in the light most favorable to plaintiff[], the non-moving party." *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1122 (9th Cir. 2019) (third alternation in original) (quoting *Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1157 (9th Cir. 2017)). However, the Court need not "accept as true allegations that . . . are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008)).

### III.   ANALYSIS

In *Landers v. Quality Commc'ns, Inc.*, the Ninth Circuit considered the pleading requirements for wage and hour claims post-*Twombly* and *Iqbal*.[3] *See* 771 F.3d 638, 640 (9th Cir. 2014), *as amended* (Jan. 26, 2015). The Court explained that, "[p]re-*Twombly* and *Iqbal,* a

---

[3] District courts in this Circuit apply *Landers* to claims for state and federal labor law violations. *See Parker v. Walgreen Pharmacy Servs. Midwest, LLC*, No. C25-05624-BHS, 2025 WL 3214395, at *2 (W.D. Wash. Nov. 18, 2025) (collecting cases).

ORDER GRANTING DISMISSAL AND LEAVE
TO AMEND - 6

complaint . . . for minimum wages or overtime wages merely had to allege that the employer failed to pay the employee minimum wages or overtime wages." *Id.* at 641 (citing *Takacs v. A.G. Edwards & Sons, Inc.*, 444 F.Supp.2d 1100, 1107 (S.D. Cal. 2006)). Following those decisions, plaintiffs must now "allege at least one workweek" in which a wage or overtime violation occurred to survive a motion to dismiss. *Id.* at 646. Alleging the statutory elements or a violative system, without more, is insufficient. *See id.*

The *Landers* Court acknowledged that defendant-employers often control most or all detailed information concerning a plaintiff's schedule and compensation, *see id.* at 645, and declined to require plaintiffs to "allege 'with mathematical precision,' the amount of overtime compensation owed by the employer," *id.* at 646 (quoting *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013)). Nevertheless, the Court observed that, "with the pleading of more specific facts, the closer the complaint moves toward plausibility" and away from mere possibility. *Id.* at 645.

Although district courts have since split on whether plaintiffs must point to specific calendar weeks, *see Castillo v. United Rentals, Inc.*, No. C17-1573-JLR, 2018 WL 1382597, at *3 (W.D. Wash. Mar. 19, 2018), this Court consistently requires wage and hour claims to "be supported by facts that demonstrate that each named Plaintiff did not receive minimum wage or overtime compensation in a particular workweek[,]" *Rittman v. Amazon.com, Inc.*, No. C16-1554-JCC, 2024 WL 4253191, at *4 (W.D. Wash. Sept. 20, 2024), or with a certain frequency, *see Arnold v. Marriott Int'l*, No. 3:24-CV-0221-RAJ, 2025 WL 1919260, at *6 (W.D. Wash. July 11, 2025) (holding insufficient a complaint that did not "identify any specific instance, period or frequency where Plaintiff missed meal breaks, rest breaks, performed work off-the-clock, . . . or was not reimbursed for cell phone expenses," instead alleging violations occurred

"at times"); *Castillo*, 2018 WL 1382597, at *4 (holding inadequate allegations that the plaintiff "regularly" or "regularly and consistently" worked over forty hours per week without alleging violations occurred in a specific week in which he worked over forty hours); *Parker*, 2025 WL 3214395, at *2 (finding sufficient plaintiff's allegations that "his supervisor 'frequently interrupted' his breaks to discuss or require him to complete work tasks, after which Walgreens would 'unlawfully edit the clock in and out times . . . to display at least a thirty-minute off-duty meal period.'").

Defendant moves for dismissal on grounds that the Complaint alleges the statutory elements without sufficient factual matter to satisfy federal pleading standards. *See* Dkt. 8 at 1–2. The Court agrees Plaintiff's factual allegations are too sparse to state a claim but grants her leave to amend her Complaint because the defects are likely curable.

Viewed as a whole, Plaintiff's Complaint recites the statutory elements and alleges Defendant maintained unlawful systems and practices without sufficient factual detail. With respect to Plaintiff's meal and rest period claims, she does not identify any particular week or period in which the alleged violations occurred nor the frequency. She merely states violations occurred occasionally, sometimes, or at times.[4] Her bare-bones allegations that Defendant maintained unlawful systems that did not enable employees to record missed or interrupted breaks is not, without more, sufficient. *See Landers*, 771 F.3d at 646; *Arnold*, 2025 WL

---

[4] The Court further observes that Plaintiff also does not allege who instructed her to complete work tasks or maintain work-related communications during breaks, what kind of communications she maintained, or whether responses during some or all alleged instances could have been delayed until she returned to work or handled by an on-duty colleague. While she deems travel to a break room "impractical," she does not allege that she and putative class members were instructed to remain at their workstations or otherwise prohibited from taking their breaks at any location they deemed practical. As noted *supra*, the more specific the allegations, "the closer the complaint moves toward plausibility." *Landers*, 771 F.3d at 645.

ORDER GRANTING DISMISSAL AND LEAVE
TO AMEND - 8

1919260, at *6 (finding allegations regarding a defendant-employer's scheduling practices and payroll record falsification, without more, insufficient under *Landers*).

With respect to Plaintiff's overtime claims, her allegations lack sufficient specificity. While she states that she "typically" worked ten and one-half hour-long shifts five days per week, she does not specify how much of that time constituted her regularly scheduled shift as opposed to allegedly uncompensated or undercompensated time. Dkt. 1-1 at 7. Nor does she make clear whether her calculation includes time navigating to and from the parking lot, for which she now seeks compensation. Plaintiff also does not specify what non-discretionary compensation was omitted from her regular rate of pay for overtime rate calculation purposes.

Regarding uncompensated business expenses, Plaintiff does not allege how often she incurred business expenses or how much she spent. She alleges that she used a work radio while at work and that she also incurred personal cell phone expenses because of Defendant's requirement that she use her cell phone for extensive work-related communications. She does not allege the expenses she incurred because of Defendant's requirements or detail the frequency and nature of communications conducted using her cell phone as opposed to her work-issued radio. Plaintiff also does not allege what work-mandated apparel she purchased, how much it cost, or how frequently she purchased it. Similarly, Plaintiff does not allege whether the company events for which she alleged she needed to purchase or prepare food while off the clock were mandatory or voluntary, the frequency, or how much time and money she expended.

Finally, Plaintiff does not allege any work-related tasks that she performed while transiting from the parking lot to her work area despite her claims that her transit time was unlawfully uncompensated, undercompensated, and a cause of unlawful break delays. *See* Dkt. 1-1 paras. 63, 66 (alleging mandatory pre- and post-shift travel resulted in off-the-clock work);

Dkt. 11 at 10 ("Plaintiff respectfully requests the Court defer its ruling until Plaintiff has had the opportunity to conduct discovery regarding the nature of Plaintiff's duties during the pre-shift and post-shift travel time."). Without more, Plaintiff's Complaint is not clear enough to put Defendant on notice and raises only the possibility of liability, not plausible under-compensation claims for work performed in specific shifts or weeks.

Plaintiff relies on *Boon v. Canon Bus. Sols., Inc.*, an unpublished decision, and out-of-district precedent to argue that identification of "a specific time or frequency where violations occurred" and "some detail regarding the nature of the alleged violation[]" suffices to state wage and hour claims.[5] Dkt. 11 at 5–6; *see* 592 F. App'x 631 (9th Cir. 2015). Even if that construction aligned with this district's approach, her Complaint provides neither.

Because the Complaint does not contain sufficient facts for the Court to plausibly find Plaintiff was denied breaks or that there was at least one workweek in which a wage or overtime violation plausibly occurred, she has not stated a claim and dismissal is appropriate. *See Landers*, 771 F.3d at 646.

Plaintiff requests leave to amend should the Court grant Defendant's motion. *See* Dkt. 11 at 14. As a general rule, when a court grants a motion to dismiss, it should dismiss the complaint with leave to amend. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)). In determining whether dismissal without leave to amend is appropriate, courts consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of

---

[5] In *Boon*, the Ninth Circuit reversed the district court's dismissal because the plaintiff "identified tasks for which he was not paid and alleged that he regularly worked more than eight hours in a day and forty hours in a week." *Boon*, 592 F. App'x at 632.

1 amendment. *Id.* Here, there is no evidence of undue delay, bad faith, or dilatory motive on
2 Plaintiff's part, nor is there any indication that Defendant will suffer prejudice if the Court
3 permits amendment. While Plaintiff need not, and perhaps cannot at this stage, fill every gap
4 outlined by the Court, she may be able to cure the deficiencies by supplying additional factual
5 allegations based on her recollection and information within her control. Accordingly, the Court
6 grants Plaintiff leave to amend her Complaint within **thirty (30) days** from the date of this
7 Order.

8     As it grants dismissal, the Court need not decide Defendant's request to strike Plaintiff's
9 class allegations. *See* Dkt. 8 at 12. The Court does, however, note that Plaintiff proposes a class
10 of employees in certain roles but does not allege what position or positions she held. She
11 includes no factual allegations that show the putative class members experienced similar break
12 disruptions and scheduling issues, were subject to similar personal device communication
13 requirements, incurred similar, uncompensated business expenses, worked in the same areas,
14 utilized the same time clocks or break facilities, or faced understaffing issues that contributed to
15 break interruptions. Should Plaintiff file an amended complaint, she may consider including
16 allegations that demonstrate she and the putative class members are similarly situated.

17                    IV.    CONCLUSION

18     Because Plaintiff's allegations do not include sufficient factual matter to state a claim, the
19 Court GRANTS Defendant's motion and DISMISSES her claims without prejudice. Plaintiff's
20 amended complaint, if any, is due within **thirty (30) days** of this Order.

21     Dated this 15th day of December, 2025.

                                                                    *S. Kate Vaughan*
                                                                    S. KATE VAUGHAN
                                                                    United States Magistrate Judge